Prank B. Bayger, J.
The defendant, Albert Evans, is a truck driver employed by Cleveland, Akron, Buffalo and Youngstown Company, Inc. (C. A. B. Y.), an Ohio corporation doing business in New York, Ohio and other States. Defendant was charged with a violation of subdivision (b) of section 306 of New York State Vehicle and Traffic Law, to wit: there was no valid New York State inspection certificate displayed on a trailer. This vehicle was being operated exclusively in interstate commerce.
Subdivision 2 of section 308 of the New York State Vehicle and Traffic Law which reads as follows: “ as used in this article the term ‘ motor vehicle ’ shall include trailers * * * and all vehicles included in the definition of the term ‘ motor vehicle ’ contained in section one hundred twenty-five of this chapter except * * 2. Vehicles inspected by or operating under a certificate of inspection authorized by the public service commission or the interstate commerce commission, or of a municipally owned and operated transit system ’ ’ is applicable. This section exempts all vehicles inspected by the Interstate Commerce Commission from the scope of subdivision (b) of section 306 of the Vehicle and Traffic Law.
Since the vehicle involved was engaged in interstate commerce and subject to inspection by the Department of Transportation (formerly the Interstate Commerce Commission), it was not necessary that the vehicle be inspected pursuant to subdivision (b) of section 306 of the New York State Vehicle and Traffic Law.
It is ordered that the judgment of conviction be reversed, the information dismissed and the fines imposed remitted.